ANNIE F. MULLEN vs. BOARD OF SEWER COMMISSIONERS
OF MILTON.

Norfolk.   March, 7, 8, 1932. — October 27, 1932.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

Tax, Assessment, Betterment.  Constitutional Law, Taxation.  Sewer.
Milton.   Statute, Construction.   Practice, Civil, Waiver.   Waiver.
Certiorari.   Pleading, Civil, Replication.

Section 9 of St. 1895, c. 304, providing for the determination of the
amount of betterment assessments amounting to proportional parts
of the cost of the construction of one or more systems of sewerage by
the town of Milton, does not authorize the imposition of a pecuniary
burden upon property in excess of the special benefit arising from the
expenditure, and is not unconstitutional.

Ascertainment under that statute of the betterment assessment by com-
bining $1.50 on each foot of frontage of estates on the street where
the sewer was constructed and one and one half cents on each square
foot of area of such estates within one hundred feet of the street,
violated no constitutional guaranty.

In computing such assessment, the board of sewer commissioners of the
town rightly included in the total cost of the sewerage system the
cost of that part of the system in front of nonassessable property, of
town property, of the unassessed side of a corner lot, and of that
part crossing streets.

Tax laws are to be construed strictly: the right to tax must be plainly
conferred and cannot be extended by implication or upon the ground
of expediency.

It was improper for the board of sewer commissioners above mentioned,
in computing the amount of such betterment assessments, to include
in the total cost of the system payments made by the town to the
Commonwealth for the metropolitan sewerage system and assessed
upon the town under § 16 of St. 1895, c. 406.

This court, in reaching the above conclusion, treated as not without
weight the fact that, from the enactment of St. 1895, c. 406, until
1927, the cost to the town of Milton of participation in the metro-
politan sewage disposal district had not been included in any local
sewer assessment.

The provisions of G. L. cc. 80, 83, did not supersede the provisions of
St. 1895, c. 304, nor render void the assessments made under that
special statute.

Where a party in his brief before this court states that certain questions
of law arising from rulings of law reported by a trial judge for deter-

mination by this court "are not waived," but "are noted . . . without further argument," such questions nevertheless are taken to be waived.

While this court exercises its power to correct genuine errors of law, it cannot be required by the form of presentation above described to discuss matters not regarded by parties as of sufficient merit to admit of serious argument by counsel.

No error was disclosed in a ruling by a single justice of this court striking from the record a paper called a replication challenging certain parts of a return filed by respondents in a petition for a writ of certiorari: the so called replication was improper pleading..

Upon the return of an order of notice issued to a board of sewer commissioners upon the filing of a petition for a writ of certiorari, the respondents, without further order being made, filed an answer and a return which included a certified copy of the record of the proceedings referred to in the petition.   Finding error in the proceedings so certified, this court *held*, that there was no occasion for the issuance of the writ of certiorari and, under G. L. (Ter. Ed.) c. 249, § 4, in a rescript stated the error found and directed that so much of the respondents' record as included such error be quashed and that the remainder of the action of the respondents as shown by their record should stand, provided such separation could be made, and that, if such separation could not practicably be made, the entire action of the respondents as shown by their record should be quashed, details to be settled before a single justice.

PETITION, filed in the Supreme Judicial Court for the county of Norfolk on July 31, 1930, and afterwards amended, for a writ of certiorari.

Upon the return of an order of notice issued upon the amended petition, the respondents filed an answer and a certified return.

The case came on to be heard by *Crosby,* J., who reserved and reported it for determination by the full court.

The case was argued at the bar in March, 1932, before *Rugg,* C.J., *Wait, Sanderson,* & *Field,* JJ., and after the death of *Sanderson,* J., was submitted on briefs to *Pierce, Donahue,* & *Lummus,* JJ.

*M. Michelson,* for the petitioner.

*L. Bryant,* (*J. Harvey* with him,) for the respondents.

RUGG, C.J.   This is a petition for a writ of certiorari to quash an assessment levied by the respondents upon land of the petitioner for benefits accruing from the construction of sewers and a system of sewerage.

1. The petitioner first contends that the assessment is invalid because St. 1895, c. 304, under which it was levied, is unconstitutional on the ground that it authorizes the imposition of a pecuniary burden upon property in excess of the special benefit arising from the expenditure.   It is provided by § 9 of said c. 304 that "Said board of sewer commissioners shall determine what proportion of the cost of said systems of main drains and of sewerage said town of Milton shall pay, provided that it shall not pay less than one quarter nor more than two thirds of the whole cost.   The remaining cost of each of said systems shall be borne by the owners of estates situated within the territory embraced by it and benefited thereby.   The owners of such estates shall be assessed by said commissioners their proportional parts respectively of such portion of the total cost of the system as is not borne by the town as above-provided; such proportional parts to be based upon the estimated average cost of all the sewers composing such system . . . ."

The principles by which to test the constitutionality of statutes authorizing special assessments upon property to defray the cost of local public improvements have been stated at length in comparatively recent decisions.   It would serve no useful purpose to expound them again. The Legislature within reasonable limits may determine that the cost of a particular public improvement shall fall upon a designated district and may fix the rules for its apportionment.   It may authorize public officers to make an apportionment of the cost of such improvement upon the estates receiving peculiar advantages above those accruing in general, by methods requiring that assessments be proportional and founded on and not in excess of special benefits.   The statute here assailed does not violate the governing constitutional provisions.   It falls within the authority of decided cases where statutes indistinguishable from it in essence have been upheld.   *Cheney* v. *Beverly,* 188 Mass. 81.   *Corcoran* v. *Aldermen of Cambridge,* 199 Mass. 5. *White* v. *Gove,* 183 Mass. 333.   *Smith* v. *Mayor & Aldermen*

*of Worcester,* 182 Mass. 232. *Hall* v. *Street Commissioners,* 177 Mass. 434. *Sayles* v. *Board of Public Works of Pittsfield,* 222 Mass. 93, and cases collected. *Opinion of the Justices,* 261 Mass. 556, 605–606. *Houck* v. *Little River Drainage District,* 239 U. S. 254. Ascertainment of the assessment by combining $1.50 on each foot of frontage of estates on the street where the sewer was constructed, and one and one half cents on each square foot of area of such estates within one hundred feet of the street, violated no constitutional guaranty. *Cheney* v. *Beverly,* 188 Mass. 81. *Taylor* v. *Mayor & Aldermen of Haverhill,* 192 Mass. 287. *Hester* v. *Collector of Taxes,* 217 Mass. 422. *Houck* v. *Little River Drainage District,* 239 U. S. 254, 265.

2. No error is shown respecting the computation of the assessment. The respondents rightly included in the total cost of the sewerage system the cost of that part of the system in front of nonassessable property, town property, the unassessed side of a corner lot, and that part crossing streets. All such sewers needed to be built. They formed a part of the total cost of the system. The division of the total cost as between the town and the estates benefited was well within the flexible limits permitted by said § 9 and determined by the respondents.

3. The petitioner contends that the assessment is invalid because not in compliance with St. 1895, c. 304, in that the respondents have included in the cost of the system payments made by the town to the Commonwealth for the metropolitan sewerage system. This involves a closer examination of the governing statutes. Turning first to said c. 304: Its title is "An Act to authorize the town of Milton to construct one or more systems of sewerage." By § 2 the town is empowered to "lay out, construct and maintain one or more systems of main drains and of sewerage and sewage disposal for said town" and to take property deemed "necessary for the establishment of such systems of drains, sewerage and sewage disposal" and to connect with the "sewers or sewerage system or systems of the city of Boston, of the town of Hyde Park, or of the metropolitan sewerage district,

for the purpose of disposing of sewage through the same . . ." and also for the same purpose to contract with the city of Quincy. Sewage disposal of Milton in fact has been accomplished through the metropolitan sewage disposal system established by St. 1895, c. 406, in which that town was included. That system was established by act of the General Court for the benefit of a specially created territory, including three towns and the city of Boston. The public work thus undertaken was executed by State officers for the general benefit expected to flow "from the probability of better health and personal comfort for the people at large." *Kingman, petitioner,* 170 Mass. 111, 117. The cost of the construction of that system was apportioned among the several municipalities included within the district and was assessed upon each of them as provided in § 16 of said c. 406. It was included in the State tax each year to be paid by each. § 18 of said c. 406. See now G. L. (Ter. Ed.) c. 92, § 5. Whether the principles of such apportionment have varied from time to time is not disclosed on the record. Said c. 406 conferred no authority upon the several municipalities constituting the district to include the cost of this system to each as a part of the total cost of its local sewerage system for purpose of assessment upon estates specially benefited by such local system. Such authority, if it exists, must be sought so far as concerns Milton in said c. 304. This chapter deals chiefly with the local system to be constructed by the local board. There is recognition in its § 2 of the metropolitan system of sewage disposal as a means of disposal of the Milton sewage. It is to be observed that the authority conferred by its § 9, to assess costs upon estates in the town receiving special benefit, makes no mention of the cost imposed upon the town as a part of the district created by said c. 406. It is significant that the metropolitan system was mentioned in said c. 304, § 2, and not mentioned in § 9. That cannot be regarded as accidental. The only cost which by § 9 may be assessed upon the benefited estates is that part not borne by the town of the "whole cost" of "said systems of main drains and of

sewerage"; the cost of sewage disposal for the town through the metropolitan system provided for and so carefully described in detail in § 2 is not included. The two systems, the: one established by the town and the other by the Commonwealth, are independent and separate business undertakings in every particular. They are constructed and financed by different boards owing duty to different superiors. The cost of each is ultimately met by different methods. A survey of said c. 304 as a whole conveys 'the impression that so far as concerns cost and assessment upon benefited estates it deals with the local system, constructed, extended and supervised by the local board. That is in harmony with said c. 406.

It has been argued with force that no system of sewerage can be complete without some provision for sewage disposal. The statute in its aspect now under consideration authorizes a form of taxation. It is a familiar rule that tax laws are construed strictly. The right to tax must be plainly conferred and cannot be extended by implication. Doubts are resolved in favor of the taxpayer. A tax must be justified by the very words of the statute; it cannot be sustained on grounds of expediency. *Union Street Railway* v. *Mayor of New Bedford,* 253 Mass. 314, 317. *Hamilton Manuf. Co.* v. *Lowell,* 274 Mass. 477, 487.

The conclusion seems to us necessary that the inclusion of the apportionment to the town of its share of the cost of the metropolitan sewage disposal system in the cost authorized to be assessed upon the estates benefited under said c. 304, § 9, was error. It is significant in this connection that, from the enactment of that statute until 1927, the cost to the town of participation in the metropolitan sewage disposal district was not included in any local sewer assessment. This practical construction put upon said c. 304 for so long a period is not without weight. *Burrage* v. *County of Bristol,* 210 Mass. 299, 301. *Powers's Case,* 275 Mass. 515. *DeBlois* v. *Commissioner of Corporations & Taxation,* 276 Mass. 437.

4. The contention that the assessment is void because not in accordance with G. L. cc. 80, 83, cannot be supported. Those provisions did not supersede the earlier

provisions of the special act concerning Milton. This point is foreclosed against the petitioner by *Cohen v. Price,* 273 Mass. 303, 308–309, and cases cited. There is nothing in St. 1895, c. 304, § 12, by its reference to Pub. Sts. c. 50, which supports the petition. The provisions of that chapter have been at least twice included in more recent statutory revisions and are now redistributed in said cc. 80, 83.

5. The petitioner filed five motions respecting the petition and the return, and for specification, and for an auditor. Questions of law arising from their denial have been reported. The disposition of these matters in the circumstances disclosed and in their aspect most favorable to the petitioner rested in the discretion of the single justice. *Commonwealth v. National Contracting Co.* 201 Mass. 248. The petitioner states in her brief that questions of law arising from the rulings on these matters "are not waived," but "are noted . . . without further argument." Nevertheless, these questions are taken to be waived. While this court exercises its power to correct genuine errors of law, it cannot be required by this form of presentation to discuss matters not regarded by parties as of sufficient merit to admit of serious argument by counsel. *Commonwealth v. Dyer,* 243 Mass. 472, 508. *Commissioner of Banks v. Cosmopolitan Trust Co.* 247 Mass. 334, 346.

6. The petitioner filed a replication challenging certain parts of the return. This was improper pleading. *Comstock v. Livingston,* 210 Mass. 581. There was no error in striking it from the record. The questions raised on a petition for a writ of certiorari cannot thus be extended into a wide inquiry of facts. *Ward v. Aldermen of Newton,* 181 Mass. 432. *Selectmen of Wakefield v. Judge of the District Court,* 262 Mass. 477, 480–481, and cases cited. *Newcomb v. Aldermen of Holyoke,* 271 Mass. 565.

So far as concerns the petitioner, the record of the respondents has been certified by them and included in their return to the petition. Therefore there is no occasion for the writ of certiorari to issue to bring before this court that record. *Warren v. Street Commissioners,* 183 Mass. 119. *Byfield v. Newton,* 247 Mass. 46. Under G. L. (Ter.

Ed.) c. 249, § 4, the court has authority to make such order, judgment or decree in the premises as law and justice shall require. There is error, as has already been pointed out, in that record of the respondents so far as the tax on Milton of the metropolitan sewage disposal district has been included in the computation of the cost assessed upon. the petitioner. So much of that record as relates to the inclusion of that cost in the assessment upon the petitioner is quashed and the remainder of such assessment is to stand provided such separation in the assessment affecting the petitioner can be made as a practical matter. If such separation cannot practicably be made, the entire assessment respecting the petitioner must be quashed. The details may be settled before a single justice.

*So ordered.*