CATHERINE C. HANLON *vs.* J. W. ROLLINS & others.

Norfolk.  May 16, 1934. — May 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Statute,* Construction.  *Tax,* Assessment, Betterment.  *Sewer.  Milton. Words,* "Determination."

The word "determination" in § 1 of St. 1933, c. 37, authorizing the town of Milton to repay, after determination by its board of sewer commissioners in accordance with the principles laid down by this court in *Mullen* v. *Board of Sewer Commissioners of Milton,* 280 Mass. 531, "such parts of [certain] amounts" as were assessed under the authority of the statute, St. 1895, c. 304, held in that decision to have been interpreted wrongly by the commissioners, and as had been paid and "as would not have been assessed in case assessments upon said town on account of the south metropolitan sewerage system had been excluded," imported the exercise of sound judgment by the commissioners and not mere arithmetical computation.

The clear design of St. 1933, c. 37, § 1, was to enable said commissioners to make such "determination" in view of the greatly increased cost which must be paid, as a result of the decision in the *Mullen* case, by the town because of the requirement that it bear the entire expense to it of the south metropolitan sewerage system.

It was not improper for the commissioners under said § 1 to allot as payable by the town twenty-five per cent of the total cost of the sewer, and as payable by "the owners of estates situated within the territory embraced by it [the sewer] and benefited thereby," the "remaining cost," to wit, seventy-five per cent, although under the allotment declared erroneous in the *Mullen* case they had determined that the town should pay approximately forty-four per cent of the estimated cost of the sewer and the abutters fifty-six per cent.

PETITION, filed in the Supreme Judicial Court for the county of Norfolk on February 27, 1934, for a writ of mandamus.

Pleadings are described in the opinion. The case was reported by *Pierce*, J., for determination by the full court.

*M. Michelson*, for the petitioner.

*L. Bryant*, for the respondents.

RUGG, C.J.    This is a petition for a writ of mandamus. It comes before us by report upon the petition and answer for the determination of the full court. The material facts set forth in the petition and not denied by the answer and the material facts set forth in the answer must be accepted as true and be made the basis of the decision. There is no dispute as to the facts material to this decision.

By the decision in *Mullen v. Board of Sewer Commissioners of Milton*, 280 Mass. 531, rendered in October, 1932, a sewer assessment levied by the sewer commissioners of the town of Milton (pursuant to St. 1895, c. 304, and acts in amendment thereof) was held to be illegal because there were included as its basis, in addition to the cost of the local sewerage system, payments made by the town to the Commonwealth for the metropolitan sewerage system for the purpose of sewage disposal for the town. Such payments for the cost of the metropolitan sewerage system were held to be not lawfully assessable under the controlling statutes. The order of the court in that case was that so much of the record of the assessment as related to the inclusion of the cost of the metropolitan sewerage system was quashed and the remainder of such assessment was to stand provided such separation in the assessment affecting the petitioner in that case could be made as a practical matter; if such separation could not practicably be made, the entire assessment respecting the petitioner was quashed. It is stated in the answer of the respondents that an order was entered in that case by consent of counsel to the effect that the separation could not be made as a practical matter and that therefore the assessment was quashed. The respondents state in their answer that the figures showing the cost of the local system and the cost of the metropolitan system were included in the record in the *Mullen* case and were before

the court, together with other figures showing in detail the manner in which the assessment had been made. An examination of the original papers confirms this statement. It there appears that the total cost of the local sewers of the town was $505,870.04, and the total cost for sewage disposal by payments by the town for the metropolitan sewerage system was $504,584.36. Thereafter there was enacted St. 1933, c. 37, entitled "An Act to enable the town of Milton to. repay in part certain sums paid as sewer assessments." Section 1 of that act is in these words: "The town of Milton may repay, after determination by its board of sewer commissioners in accordance with the principles laid down by the supreme judicial court in the recent case of Annie F. Mullen *v.* Board of Sewer Commissioners of Milton, such parts of amounts assessed under the authority of chapter three hundred and four of the acts of eighteen hundred and ninety-five, and any acts in amendment thereof and in addition thereto, upon estates and owners in respect to sewer construction in the calendar years of nineteen hundred and twenty-seven to nineteen hundred and thirty-one, inclusive, which have been paid, as would not have been assessed in case assessments upon said town on account of the south metropolitan sewerage system had been excluded." The act was duly accepted by the town as provided in § 3.

This is a petition by a landowner who before the decision of the *Mullen* case had paid the sewer assessments as originally levied. The respondents háve proceeded in performance of the duties reposed in them by § 1 of said c. 37. The petitioner contends that they have proceeded upon an erroneous construction of that section. The contention of the petitioner is that the respondents, in pursuance of their duties under the act, "should deduct from the amounts paid by abutters the excess which has been paid on account of the inclusion of payments to the metropolitan sewer district in the basis of the assessment levied upon them," that practically the repayment to abutters would be approximately fifty per cent of the assessments paid, and that the total amount thus to be repaid would be approximately $55,000. The respondents in fact have calculated and

determined "the amounts which would not have been as-
sessed in case assessments upon said town on account of
the south metropolitan sewer system had been excluded"
by assuming "the cost of the system to be as defined in the
opinion" in *Mullen* v. *Board of Sewer Commissioners of
Milton,* 280 Mass. 531, "and have made calculations in the
manner set forth" in St. 1895, c. 304, § 9; and, as author-
ized by said § 9, "have allotted as payable by the town
twenty-five per cent of said total cost, and as payable
by 'the owners of estates situated within the territory
embraced by it (the sewer) and benefited thereby,' the
'remaining cost,' to wit, seventy-five per cent, all in the
manner approved" in *Mullen* v. *Board of Sewer Commis-
sioners of Milton,* 280 Mass. 531, and "have determined
that the differences between assessments calculated in such
manner, and the original assessments, are the amounts
that would not have been assessed in case assessments upon
the town of Milton on account of the south metropolitan
sewer had been excluded." The practical result of this is
that "the net amount that the petitioner and others would
have paid after reimbursement, would be approximately
$1.00 per front foot and one cent per square foot, as com-
pared with $1.50 per front foot and one and one half cent
per square foot as originally paid, and it was stated in the
respondents' report that the reduction in cost to abutters
would be about one third." The question to be determined
is whether the respondents have pursued a permissible
method under St. 1933, c. 37.

The general and familiar rule is that a statute must be
interpreted according to the intent of the Legislature ascer-
tained from all its words construed by the ordinary and
approved usage of the language, considered in connection
with the cause of its enactment, the mischief or imperfec-
tion to be remedied and the main object to be accomplished,
to the end that the purpose of its framers may be effectu-
ated. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145,
148, and cases cited.

The question to be decided is one of interpretation of the
words already quoted from St. 1933, c. 37, § 1. It is plain

from those words that the ascertainment of the amounts to be repaid is not a mere mathematical calculation of proportions of the original assessments due to the improper inclusion of the cost to the town of the south metropolitan sewerage system in the total cost of the sewerage system of the town as a basis for the assessments. If that had been the legislative intention, doubtless it would have been practicable to state that proportion in explicit figures. If, however, that were not practicable, a simple and natural declaration of such an intention would have been that the town should repay the part of each assessment due to the improper inclusion of the cost to the town of the south metropolitan sewerage system in the total cost of the sewerage system of the town. Instead of using words expressive of that purpose, the words of the statute were chosen. Those words require a "determination" by the board of sewer commissioners of certain facts "in accordance with the principles laid down . . . in" *Mullen* v. *Board of Sewer Commissioners of Milton,* 280 Mass. 531. The principles laid down in that decision covered several points of attack upon the assessment, two of which are here pertinent: one related to an interpretation of St. 1895, c. 304, § 9 (the statute relating to sewers and sewer assessment in the town of Milton), as to the division of the total cost of the sewerage system between the town and the estates benefited preliminary to levying an assessment, and as to the rules for levying the assessment on the estates benefited by combination of a sum upon each foot of street frontage with a sum upon each square foot of area within one hundred feet of the street; the second related to the inclusion of the cost to the town of the metropolitan sewerage system in the total cost of the system as a basis for the assessment. The "principles laid down" in the *Mullen* case include at least the two just stated. The facts respecting which a "determination" by the respondents is required are "such parts of amounts assessed . . . as would not have been assessed in case assessments upon said town on account of the south metropolitan sewerage system had been excluded." "Determination" in this connection imports the exercise of sound

judgment and not mere arithmetical computation. All the language employed permits the respondents to determine what amounts less than the amounts actually assessed would have been assessed if the cost to the town on account of the south metropolitan sewerage system had been excluded. It is stated in the brief for the petitioner, referring to the original papers in the *Mullen* case, that it there appears that the board of sewer commissioners determined that the town should pay approximately forty-four per cent of the estimated cost of the system and the abutters fifty-six per cent. The respondents have now determined that the town would have borne twenty-five per cent of the estimated cost and the abutters seventy-five per cent in case the cost of the south metropolitan sewerage system had been excluded. The clear design of St. 1933, c. 37, § 1, was to enable the respondents to make this "determination" in view of the greatly increased cost which must be paid, as a result of the decision in the *Mullen* case, by the town in requiring it to bear the entire expense to it of the south metropolitan sewerage system. If the amounts actually assessed upon the estates benefited originally would have been not on the basis of fifty-six per cent of the cost but on the basis of seventy-five per cent of the cost "in case assessments upon said town on account of the south metropolitan sewerage system had been excluded," that was within the scope of the powers vested in the respondents by the statute in enabling them to make a "determination" of the matters specified.

This interpretation effectuates the manifest purpose of the General Court in enacting the statute. Several courses were open. A statute might have been enacted treating the original assessment as void and authorizing an entirely new assessment. Obvious objections might well exist to a statute of that nature. The design of the statute enacted was to treat the original assessments as valid as to those who had paid them. The time for assailing the validity of the assessments by those who had paid them presumably had expired. The statute enabled the board levying the original assessment to make a determination of the amount which

would not have been assessed if the principles declared by the decision in the *Mullen* case had then been known and followed. The amount thus determined is to be repaid by the town. That is the clear meaning of the words of the statute interpreted in the light of the situation confronting the parties and the General Court. Thus interpreted the statute imposes no penalty upon the town for the mistake of the respondents in levying the assessment. It does not enable the landowner to escape the payment of a just and legal assessment reasonable in itself and proportionate to the benefit actually conferred upon his land by the construction of the town sewer. It permits the accomplishment of the result which would have been reached if correct principles had been followed at the outset.

There is nothing in the proceedings before the committee of the General Court set forth in the report, assuming, but not deciding, that they may be considered, in any degree affecting this conclusion.

*Petition dismissed.*