Margaret E. WILLIAMS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 04A03–0404–PC–177.

Court of Appeals of Indiana.

June 15, 2005.

Rehearing Denied Aug. 29, 2005.

Linda L. Harris, Kentland, for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

Margaret Williams ("Williams") was convicted in Benton Circuit Court of five counts of Class D felony neglect of a dependent[1]. Williams now appeals, raising the following restated and consolidated issues for review:

I. Whether sufficient evidence supports Williams' convictions;

II. Whether Williams' sentence is appropriate; and,

III. Whether Williams' convictions violate double jeopardy.

Concluding Williams has failed to establish her right to appellate relief, we affirm.[2]

### Facts and Procedural History

In February of 2002, eleven-year-old N.Z. began living with his grandmother, Williams. Between May and August of 2002, Williams disciplined N.Z. on several occasions. Williams forced N.Z. to kneel on a broom handle with his arms extended holding weighted objects. If N.Z. allowed his knees to go off the handle or lowered his arms, he would have to begin the punishment period anew. Williams also ordered N.Z. to stand a distance away from a wall with his hands behind his back and hold a cloth against the wall with his head. If N.Z. allowed the cloth to drop, he was forced to begin the punishment period anew. Both methods of punishment lasted up to two hours. The reasons for N.Z's punishments were instances in which he hid Williams' medication and matches.

On July 1, 2003, Williams was charged with five counts of Class D felony neglect of a dependent. On February 20, 2004, a jury found Williams guilty on all counts. The trial court sentenced Williams to five consecutive two-year sentences, with one-half year of each sentence suspended to supervised probation. Williams now appeals.

### I. Sufficiency

■ In reviewing a claim of insufficient evidence, we will affirm a conviction unless, considering only the evidence and the reasonable inferences favorable to the judgment and neither reweighing the evidence nor assessing witness credibility, no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Tyson v. State*, 766 N.E.2d 715, 717–18 (Ind.2002).

To sustain a Class D felony neglect of a dependent conviction, the State must prove beyond a reasonable doubt that a defendant knowingly placed a dependent in a situation that endangered the dependent's life or health. Ind.Code § 35–46–1–4(a)(1). The danger contemplated by Indiana Code section 35–46–1–4 must be "actual and appreciable." *State v. Downey*, 476 N.E.2d 121, 123 (Ind.1985).

1. Ind.Code § 35–46–1–4 (1998).

2. We heard oral argument in this matter at Muncie City Hall on April 27, 2005. We thank the *Wesley W. Ratliff/Alva Cox Chapter* *of the American Inns of Court* for its hospitality in hosting the oral argument and commend both counsel for their able presentations.

## A. Psychological Harm

■ Williams contends the lack of physical injury to N.Z. precludes a neglect of a dependent conviction. However, actual physical injury is not required for a neglect of a dependent conviction. Rather, "mental harm that goes substantially beyond the normal risk of ... bruises" is sufficient. *Gross v. State,* 817 N.E.2d 306, 309 (Ind.Ct.App.2004) (citing *Harrison v. State,* 644 N.E.2d 888, 890 (Ind.Ct.App. 1994), *trans. denied*).

Williams asserts psychological harm is insufficient to sustain a neglect of a dependent conviction because *Harrison,* 644 N.E.2d at 890, only concerned psychological harm arising from deviate sexual conduct. However, there is no reason to distinguish between the psychological harm to a young person resulting from deviate sexual conduct and the psychological harm arising from extreme conduct that departs substantially from reasonable corporal punishment. We therefore hold that Williams' extreme conduct proved at trial amounted to exposure of N.Z. to unreasonable and prolonged pain capable of causing "actual and appreciable" psychological harm. Williams' neglect of dependant convictions are affirmed.[3]

## B. Reasonable Corporal Punishment

■ Williams next contends her method of disciplining N.Z. was reasonable and

buttresses this contention by alleging that the Muncie Juvenile Correctional Facility uses the same punishment methods.

We are mindful that courts and juries must exercise utmost restraint when considering whether corporal punishment of a child amounts to criminal conduct. However, there is a significant distinction between reasonable corporal punishment of children by their parents and conduct so extreme that it clearly damages a young person.

In this regard, it is important to note the context in which we must consider Williams' allegation of error. We must affirm Williams' conviction if a reasonable jury could conclude that Williams placed N.Z.'s health in actual and appreciable danger. *Downey,* 476 N.E.2d at 123. Accordingly, the danger to N.Z.'s health was a question of fact for the jury, and we may not simply substitute our opinion as to reasonable corporal punishment for that of the jury's determination, which is the product of community standards.

It is not Williams' chosen method of corporal punishment that makes her actions criminal, but rather, it is the length of time during which she forced N.Z. to undergo this punishment. It is fair to assert that pain is an integral feature of corporal punishment. However, being forced to kneel on a broom handle for two

---

**3.** Williams further contends the trial court erred in instructing the jury that psychological injury could support a neglect of a dependent conviction because this instruction constituted a misstatement of the law. As stated above, psychological injury may support a neglect of a dependent conviction. Accordingly, the trial court's instruction correctly states the law.

Williams also filed a notice of additional authorities citing *Dill v. State,* 741 N.E.2d 1230 (Ind.20011), for the proposition that it is

improper for an instruction to emphasize a particular evidentiary fact. However, Williams only argued that the trial court's instruction was an incorrect statement of the law in her Appellant's Brief and did not argue that the instruction improperly emphasized a particular evidentiary fact. Br. of Appellant at 11–13. As such, Williams is using her Notice of Additional Authorities for improper purposes and her argument pursuant to *Dill* is waived.

hours can only be described as pain that goes well beyond any boundary of reasonableness. The same can be said for the lengthy time periods Williams punished N.Z. using the cloth and the wall.

The practices of the Muncie Juvenile Correctional Facility actually support Williams' conviction rather than suggest her methods were reasonable. The witness who testified concerning his experiences in the Muncie Juvenile Correctional Facility indicated he only had to hold a rag against a wall with his head—the less severe of Williams' punishments—for twenty-to-thirty minutes. Tr. pp. 126–27. Williams' punishments lasted "for *much* longer periods of time." Tr. p. 125 (emphasis added).[4] Because the punishments at issue grow progressively more painful over time, it is not difficult to understand why twenty minutes of such punishment can constitute reasonable corporal punishment whereas two hours constitutes extreme and criminal conduct capable of causing psychological damage.[5]

Under these facts and circumstances, Williams' prolonged punishments constitute sufficient evidence to support the jury's finding of a danger of actual and appreciable psychological harm.

## II. Inappropriate Sentencing Standard

 Appellate courts have the constitutional authority to revise a sentence if after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B); *see also Asher v. State,* 790 N.E.2d 567, 570 (Ind.Ct.App. 2003). Williams claims her sentence was inappropriate.

We first address the trial court's decision to enhance each of Williams' sentences by one-half year. Williams has previously been convicted of contributing to the delinquency of a minor (for providing drugs to her son), resisting law enforcement, and false informing. Tr. pp. 214, 222. Williams' criminal history makes the trial court's decision to enhance her sentences by one-half year appropriate.[6]

 We next address the trial court's decision to order Williams to serve consecutive sentences. In so doing, we note that (1) Williams only asserts her sentence was inappropriate on the basis of the nature of her offense and her character and (2) *Blakely* does not apply to a trial court's decision to order sentences to be served consecutively. *Cowens v. State,* 817 N.E.2d 255, 255 (Ind.Ct.App.2004).

Williams' character and offense provide no support for her claim that the imposition of consecutive sentences was inappropriate. The record indicates N.Z. was in "considerable agony." Tr. p. 127. That Williams could watch—much less facili-

---

4. It is important to note that this witness, the only witness concerning the practices of the Muncie Juvenile Correctional Facility, did not claim that facility required youth to kneel on broomsticks as Williams did N.Z. Appellant's App. pp. 124, 128. There is no evidence in the record that supports Williams' broad allegation in this regard.

5. At oral argument, Williams asserted that N.Z.'s punishments could not have been too severe because none of the State witnesses who saw N.Z.'s punishments bothered to call the authorities or otherwise stop them. How-

ever, the record indicates that drugs were regularly used and distributed at Williams' home Tr. p. 124. In light of this evidence, it is not difficult to imagine why witnesses observing N.Z.'s punishments were not eager to contact the authorities in an effort to stop N.Z.'s punishments. Furthermore, Williams' argument is an invitation to reweigh the evidence, which we may not do.

6. Because we only consider Williams' criminal history, *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), is of no import to the issue at bar.

tate—an eleven-year-old's suffering for two hours speaks both to Williams' character and offense.

The trial court's decision to impose consecutive sentences was appropriate.

### III. Double Jeopardy

■ The Double Jeopardy Clause of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." This clause prohibits, among other things, multiple punishments for the same conduct. *Jarrell v. State,* 818 N.E.2d 88, 92 (Ind.Ct.App.2004) (citing *Richardson v. State,* 717 N.E.2d 32 (Ind.1999)). Multiple punishments are for the same offense in violation of double jeopardy, "if, with respect to ... the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Id.*

Williams contends her multiple convictions violate the prohibition against "conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished." Br. of Appellant at 16 (quoting *Richardson,* 717 N.E.2d at 55). Williams is mistaken. Williams was neither charged nor convicted for conduct arising out of the same act. Rather, the State proved five distinct acts *occurring at different times.* Tr. pp. 94, 114. Double jeopardy no more precludes multiple convictions for Williams' actions than it would preclude multiple convictions for a burglar who burglarized the same house on five separate occasions.[7]

Williams' multiple convictions were proper.

### Conclusion

Sufficient evidence convicted Williams, her sentences were appropriate, and her convictions do not violate double jeopardy.

Affirmed.

BAILEY, J., and FRIEDLANDER, J., concur.

---

7. While discussing this issue at oral argument, Williams made references to her charging information's failure to specifically delineate each offense. Williams' argument speaks to the propriety of her charging information, which is not properly before us on appeal, and does not affect the determination of the double jeopardy issue properly before us.