COMMONWEALTH *vs.* AUSTIN A.

Suffolk. January 10, 2008. - February 14, 2008.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, CORDY, & BOTSFORD, JJ.

*Constitutional Law,* Self-incrimination. *Witness,* Immunity, Self-incrimination. *Juvenile Court. Statute,* Construction.

In a criminal proceeding, a Juvenile Court judge erred in denying the Commonwealth's motion in limine, which asked the court to honor a Superior Court order of transactional immunity pursuant to G. L. c. 233, § 20E, concerning a particular witness testifying regarding the same subjects in pending criminal proceedings in that court, where achievement of the statutory purpose — to protect from jeopardy a witness whose testimony the Commonwealth deems so vital that it is willing to forgo prosecution of the witness and instead grant the witness immunity — required that immunity be enforced so that the witness was protected from prosecution in any court. [667-670]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 1, 2006.

The case was reported by *Cowin, J.*

*Kevin J. Curtin,* Assistant District Attorney (*Linda M. Gostanian,* Special Assistant District Attorney, with him) for the Commonwealth.

*William S. Smith* for Austin A.

*Barbara Kaban* for Simon S.

COWIN, J. A judge in the Superior Court granted immunity pursuant to G. L. c. 233, § 20E,[1] to a witness, whom we shall

_____

[1] In pertinent part, G. L. c. 233, § 20E, states: "A justice of the supreme judicial court, appeals court or superior court shall . . . issue an order granting immunity to a witness, provided that such justice finds that the investigation or proceeding before the grand jury or the criminal proceeding in the supreme judicial court, appeals court or superior court involves an offense listed in section 20D and that the witness did validly refuse, or is likely to refuse, to answer questions or produce evidence on the grounds that such testimony or such evidence might tend to incriminate him." General Laws c. 233, § 20D, provides an extremely lengthy list of crimes subject to im-

call Simon S., in criminal proceedings in that court. The Commonwealth filed a motion in limine in the Juvenile Court asking the court to "honor" the immunity order to prevent Simon from asserting his privilege against self-incrimination and compel him to testify regarding the same subjects in separate Juvenile Court proceedings involving the juvenile here. The motion was denied. The Commonwealth was granted leave to prosecute an interlocutory appeal, and a single justice of this court reserved and reported the matter. We determine that a proper grant of immunity protects a witness from prosecution on the basis of the immunized testimony in any court in the Commonwealth, and must be recognized in the Juvenile Court. We reverse the order denying the Commonwealth's motion in limine and direct that the motion be allowed.

*Background.* Two juveniles, Austin A. and Simon S., and two adults were charged with several counts of assault and battery arising out of a brutal beating that occurred in 2005. The cases against the adults proceeded in the Superior Court, while the juveniles were brought to trial as youthful offenders in the Juvenile Court.[2,3] At the request of the Commonwealth, a judge in the Superior Court granted immunity to one of the juveniles,

---

munity, including the offenses for which the witness was granted immunity here: assault and battery by means of a dangerous weapon, assault to murder, and conspiracy. General Laws c. 233, § 20G, states that a witness so immunized "shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction matter, or thing concerning which he is so compelled . . . nor shall testimony so compelled be used as evidence in any criminal or civil proceeding against him in any court of the commonwealth . . . ."

[2]A "[y]outhful offender" is defined as a "person who is subject to an adult or juvenile sentence for having committed, while between the ages of fourteen and seventeen, an offense against a law of the [C]ommonwealth which, if he were an adult, would be punishable by imprisonment in the [S]tate prison, and (*a*) has previously been committed to the department of youth services, or (*b*) has committed an offense which involves the infliction or threat of serious bodily harm in violation of law, or (*c*) has committed a violation of [the prohibition against possession of dangerous weapons pursuant to G. L. c. 269, § 10, or G. L. c. 269, § 10E] . . . ." G. L. c. 119, § 52.

[3]Simon S. tendered an admission before the Juvenile Court and was committed to the Department of Youth Services until the age of twenty-one pursuant to G. L. c. 119, § 58 (*c*). The case against Austin A. is pending in the Juvenile Court. According to the brief of Simon S., one of the adult defendants tendered a plea on the charged offenses. The case against the other adult defendant remains on the Superior Court docket; no trial date has been set,

Simon S. The immunity order stated that "the court hereby ORDERS that the witness, [Simon S.], be granted immunity with respect to the subject matters of the above-captioned matters pending in Middlesex County and that he answer the questions relating to the beating of [the named victim] hereafter put to him before [*sic*] the Commonwealth and the defense attorney."

Shortly thereafter, the Commonwealth filed a motion in limine in the Juvenile Court, asking the court to "honor" the immunity order so that Simon S. could also testify in the Juvenile Court proceedings against Austin A. The Commonwealth also asked the court to entertain contempt proceedings should Simon refuse to testify. The Juvenile Court judge denied the motion, stating, "this court cannot extend and apply in the Juvenile Court a Superior Court's order granting immunity to a witness in a pending Superior Court matter." On the Commonwealth's interlocutory appeal, a single justice of this court, noting that the Juvenile Court judge's ruling conflicted with that of the single justice in Commonwealth *vs.* Kerns, No. SJ-2006-0229 (July 11, 2006), stayed the proceedings and reserved and reported the matter without decision to the full court to "provide a consistent approach" to these situations.

*Discussion.* Under both the Federal Constitution and the Massachusetts Declaration of Rights, a witness may refuse to testify by claiming a privilege against self-incrimination.[4] The witness may be compelled to testify, however, if he is granted immunity that is "coextensive with the scope of the privilege," as "the grant of immunity [removes] the dangers against which the privilege protects." *Kastigar* v. *United States*, 406 U.S. 441, 449 (1972). See *Commonwealth* v. *Funches*, 379 Mass. 283, 289 (1979), quoting *Hoffman* v. *United States*, 341 U.S. 479, 488 (1951) ("A witness may refuse to testify unless it is

---

and it is unlikely that any trial will occur, as he has been taken into custody by the Federal Immigration and Naturalization Service and is awaiting deportation.

[4]The Fifth Amendment to the United States Constitution states that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." See *Schmerber* v. *California*, 384 U.S. 757, 761 (1966). The relevant portion of art. 12 of the Massachusetts Declaration of Rights provides, "No subject shall . . . be compelled to accuse, or furnish evidence against himself." See *Commonwealth* v. *Burgess*, 426 Mass. 206, 217-218 (1997).

'*perfectly clear*, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] *cannot possibly* have such a tendency' to incriminate" [emphasis in original]).

The Massachusetts statutory framework provides for immunity to the full extent of art. 12 of the Massachusetts Declaration of Rights.[5] *Matter of a John Doe Grand Jury Investigation*, 405 Mass. 125, 129 (1989). This so-called "transactional immunity" protects a witness from prosecution for or on account of any transaction, matter, or thing concerning which a witness is compelled to testify or produce evidence. See *Attorney Gen.* v. *Coleton*, 387 Mass. 790, 797 & n.8 (1982), and cases cited. "[I]t would be difficult to imagine an immunity more complete." *Matter of a John Doe Grand Jury Investigation, supra* at 130, quoting *Cabot* v. *Corcoran*, 332 Mass. 44, 51 (1954).

Both Austin A. and Simon S. argue that G. L. c. 233, § 20E, see note 1, *supra*, restricts the application of a grant of immunity to cases in this court, the Appeals Court, and the Superior Court. They point to language in § 20E stating that "[a] justice of the supreme judicial court, appeals court or superior court shall . . . issue an order granting immunity to a witness [scheduled to testify in a] criminal proceeding in the supreme judicial court, appeals court or superior court . . . ." G. L. c. 233, § 20E. They also cite our decision in *Commonwealth* v. *Russ R.*, 433 Mass. 515, 522 (2001), where we stated that "[t]he plain language of the statute does not permit a Justice of any court, including [the Supreme Judicial Court], to grant immunity to a witness scheduled to testify in a proceeding conducted *in* the Juvenile . . . Court."

Our decision in *Commonwealth* v. *Russ R.*, however, concerned only a judge's authority to grant immunity in the first instance. The quoted language meant that a witness may not obtain immunity, in the first instance, for proceedings in Juvenile Court from a judge of the three mentioned courts. The *Russ R.* case did not address the question before us today, which involves the consequences in the Juvenile Court of a properly issued immunity order entered by a judge of one of the three

[5]Article 12 affords broader protection against self-incrimination than does the Fifth Amendment. *Commonwealth* v. *Burgess, supra* at 218.

named courts in connection with a proceeding in one of those courts.

We acknowledge that § 20E contains ambiguous language susceptible to an interpretation that immunity may only be applied in proceedings in the three mentioned courts. The statute could, for instance, have been written to say that these courts can grant immunity for proceedings in any court. Given the ambiguity, we must turn to the purpose of the statute. *Hanlon* v. *Rollins*, 286 Mass. 444, 447 (1934) ("a statute must be interpreted according to the intent of the Legislature ascertained from all its words . . . considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished"). The purpose is to protect from jeopardy a witness whose testimony the Commonwealth deems so vital that it is willing to forgo prosecution of the witness and instead grant the witness immunity.

That objective is impossible to achieve if the witness fears prosecution in some other court. The witness will not waive the privilege and cannot be required to do so. Thus, the only reasonable way to interpret the statute is that the identification of the three courts is to establish (1) who can grant immunity; and (2) the kind of case in which the immunity can be granted, see G. L. c. 119, § 20D. Immunity may be granted, in the first instance, only in a case in one of the named courts. *Commonwealth* v. *Russ R.*, *supra* at 522. Once immunity is granted, however, achievement of the statutory purpose requires that immunity be enforced so that the witness is protected from prosecution in any court. The Juvenile Court judge is bound by the immunity order and is without discretion to disregard it. The result is consistent with the language of G. L. c. 233, § 20G, which states that a grant of immunity operates to prevent prosecution based on immunized testimony "in any criminal or civil proceeding against [a witness] in any court in the commonwealth."

We conclude that the immunity order granted in Superior Court protects Simon S. from any "real risk" of incrimination, *Commonwealth* v. *Dagenais*, 437 Mass. 832, 839 (2002), quoting *Commonwealth* v. *Martin*, 423 Mass. 496, 502 (1996), in "any" proceeding in "any" court in the Commonwealth.

Having been granted immunity in the Superior Court, he can assert no valid claim of privilege against self-incrimination in any Massachusetts court concerning the subjects of the immunity grant.[6]

We reverse the order of the Juvenile Court denying the Commonwealth's motion in limine and direct that the motion be allowed.

*So ordered.*

---

[6]The Commonwealth contends that, if Simon S. refuses to testify in the youthful offender trial, the prosecutor should be permitted to institute contempt proceedings against him in the Juvenile Court, and has requested that we address this issue. We need not reach the question, as Simon S. has not yet refused to testify.