Connors , Thomas A., J.
This is a medical malpractice action brought by Timothy Larkin, individually and as guardian and next friend of Andrea M. Larkin, and in his capacity as father and next friend of Alexa Larkin (plaintiffs), against Jehane Johnston, M.D. and Dedham Medical Associates, Inc. (DMA or together with Johnston, defendants). On May 7,2015, after atrial, ajuiyreturned a verdict for the plaintiffs and awarded the following damages: $3.5 million for up-to-the present general damages, $9.4 million for future general damages, $4 million forpastmedicalbills, $11 for future medical care, and $1.5 million for lost earning capacity.
Before the Court is the defendants’joint motion to reduce the juiy award for damages in accordance with G.L.c. 231, §60G.[1] At this juncture, however, the defendants only move “for leave to conduct limited discovery in order to clarify and establish payments made by collateral sources and for what period(s) of time, and a hearing to introduce evidence of the same.” The Court heard oral argument on the motion on August 11, 2015, and now rules as follows.
Ruling
The defendants’ motion implicates the statutory scheme in Massachusetts that modifies the collateral source rule for medical malpractice actions. Specifically, pursuant to G.L.c. 231, §60G(a), a defendant may, as here, move for a post-verdict hearing to offer evidence in regard to the. amount of damages awarded a plaintiff for medical costs and expenses incurred prejudgment which the defendant claims were “replaced, compensated or indemnified” by a collateral source, such as health or disability insurance.[2] If any such awarded damages duplicate those collateral benefits, the statute requires the judge to “reduce the award by the amount of the benefits, less the amount the plaintiff paid to secure such benefits, through premiums and the like.” Harlow v. Chin, 405 Mass. 697, 709-10 (1989); see G.L.c. 231, §60G(b). By design, this scheme both “prevents double recovery by a plaintiff through litigation,” and “also protects the plaintiff from double loss of benefits by cancelling the rights of subrogation and perfections of lien previously held by the entities which provided these collateral benefits. G.L.c. 231, §60G(c).” Harlow v. Chin, 405 Mass, at 710.
Though the motion before the Court is denominated as one to reduce the jury award, the only matter now in issue, as mentioned, is the defendants’ request for discovery in connection with a hearing which they seek under G.L.c. 231, §60G. In particular, as clarified in the reply memorandum, the defendants seek discovery for the “purpose of obtaining accurate and up-to-date figures on collateral source payments ...”
The plaintiffs do not object to the discovery of collateral source payments as a general proposition, but disagree that the defendants may conduct such discovery at this point in the proceedings. The plaintiffs also dispute which of the itemized damages awards in this case is subject to reduction pursuant to G.L.c. 231, §60G.
While none of the parties cites apposite appellate authority, there is good reason to conclude that the defendants are entitled to some post-trial discovery in connection with the evidentiary hearing provided for in G.L.c. 231, §60G. As a recognized matter of Massachusetts practice, if, as here, a medical malpractice defendant cannot obtain a stipulation as to the amount of collateral source payments, the defendant may acquire evidence of such benefits “through pretrial or postjudgment discovery or from the sources themselves or by calling the plaintiff as a witness at the collateral source hearing” G. Jacobs & K. Laurence, Professional Malpractice, §11.6 at 186 (2007) (footnotes omitted). That treatise’s assertion finds support in Harlow v. Chin, which decision references that the defendants propounded interrogatories to the plaintiff postjudgment, as to collateral source compensation. 405 Mass, at 709.
Permitting post-trial discovery also effectuates the legislative purpose behind G.L.c. 231, §60G. See Interstate Ertgr. Corp. v. Fitchburg, 367 Mass. 751, 757 (1975) (court must construe statute “so as to effectuate the purpose of the framers”); accord Industrial Fin. Corp. v. State Tax Comm., 367 Mass. 360, 364 (1975), quoting from Hanlon v. Rollins, 286 Mass. 444, 447 (1934). The statute plainly contemplates post-trial proceedings con- *89 ceming collateral source benefits, and, further, that such an evidentiary inquiry would only occur in the event of a verdict for the plaintiff. See G.L.c. 231, §60G; cf. H.J. Alperin, Summary of Basic Law, §17.167, at 974 n.7 (4th ed. 2006) (“Since the evidence is presented following a jury’s verdict or the court’s finding for the plaintiff, it would appear that evidence of payment of benefits from collateral sources may not be introduced at trial”). It would be inconsistent with this legislative intention, and illogical and unrealistic in practice, to place the burden on the defendant to conduct pre-trial discovery on that issue contingent on the trial outcome, or otherwise to have forfeited the right to address the matter in its appropriate post-trial context.[3]
Although, for these reasons, the defendants are permitted post-trial discovery, such discovery will be limited in scope. First, the defendants may conduct discovery only to obtain evidence of the medical care expenses specified by G.L.c. 231, §60G, and not, for instance, the general damages which the jury awarded the plaintiffs. Second, in conformity with the language of §60G, discovery is limited to damages “incurred prior to the judgment” and, thus, not damages incurred postjudgment for future medical care costs and expenses. Third, the defendants may not conduct discovery into non-institutional, voluntary contributions the plaintiffs may have received, such as from family. See G.L.c. 231, §60G (excepting “gratuitous payments or gifts,” as well as workers’ compensation benefits, from collateral source benefits).
Order
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion to Reduce Jury Award for Damages be ALLOWED to the extent that the defendants may conduct limited discovery consistent with this opinion.

 Johnston filed the motion, which DMA requested to join. In its request, DMA expressly adopted and incorporated by reference the arguments raised by Johnston.

 General Laws c. 231, §60G(a), in full provides: “In every action for malpractice, negligence, error, omission, mistake, or the unauthorized rendering of professional services against a provider of health care in which the plaintiff seeks to recover for the costs of medical care, custodial care or rehabilitation services, loss of earnings or other economic loss, if the jury returns a verdict specifying the type and amount of such damages under subsection (a) of section sixty F of this chapter, or the court finds the type and amount of such damages as required under subsection (b) of section sixty F of this chapter, on motion by a defendant or upon its own motion, the court shall hear evidence of any amount of such damages incurred prior to the judgment which the defendant or defendants claim was replaced, compensated or indemnified pursuant to the United States Social Security Act, any state or federal income-disability act, any health, sickness or income-disability insurance, any accident insurance that provides health benefits or income-disability coverage, any contract or agreement of any group, organization, partnership, or corporation to provide, pay for or reimburse the cost of medical, hospital, dental or other health care services, any contract or agreement to continue to pay, in whole or in part, the plaintiffs wages or income, or any other collateral source of benefits whatsoever, except for gratuitous payments or gifts, or benefits received pursuant to chapter one hundred and fifty-two of the General Laws. If the defendant elects to introduce such evidence, the plaintiff may introduce evidence of any amount the plaintiff himself paid or contributed to secure his right to the benefits concerning which the defendant has introduced evidence.”

 Indeed, here, at a bench conference during trial, counsel for Johnston specifically stated that she was reserving the right, in the event of a verdict for the plaintiffs, to have a post-trial hearing to introduce evidence of collateral source payments.