

**FILED**

Jan 23 2020, 8:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| McConney J. George, *Appellant-Defendant,* | January 23, 2020 |
| v. | Court of Appeals Case No. 18A-CR-2300 |
| | Appeal from the Tippecanoe Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Steven Meyer, Judge |
| | Trial Court Cause No. 79D02-1805-F4-20 |

**May, Judge.**

[1]     McConney J. George appeals his 10-year-and-180-day sentence for Level 4 felony unlawful possession of a firearm by a serious violent felon,[1] Class A

---

[1] Ind. Code § 35-47-4-5(c).

misdemeanor carrying a handgun without a license,[2] and Class B misdemeanor possession of marijuana.[3] He raises three issues on appeal, which we restate as:

> 1. whether his conviction of carrying a handgun without a license violates the constitutional prohibition against double jeopardy,

> 2. whether the trial court abused its discretion at sentencing by considering George's failure to cooperate during the presentence investigation interview as an aggravating circumstance, and

> 3. whether his sentence is inappropriate in light of the nature of his offenses and his character.

We affirm in part, vacate in part, and remand.

# Facts and Procedural History

On May 23, 2018, Officer Scott Swick initiated a traffic stop after observing George's car run a stop sign. When Officer Swick approached George's car window, he immediately detected the odor of marijuana and called for a K9 unit. The K9 indicated the presence of narcotics and police searched the car. Police discovered a handgun in the vehicle and placed George under arrest. The serial number on the handgun revealed the gun had been stolen. During

---

[2] Ind. Code § 35-47-2-1.

[3] Ind. Code § 35-48-4-11(a)(1).

booking at Tippecanoe County Jail, police found a baggie of marijuana in George's pocket.

[3]     On May 25, 2018, the State charged George with Class A misdemeanor carrying a handgun without a license, Level 6 felony theft of a firearm,[4] Class B misdemeanor possession of marijuana, Level 4 felony unlawful possession of a firearm by a serious violent felon, and Level 5 felony carrying a handgun without a license with a prior felony conviction.[5] The court held a bifurcated jury trial from August 20 to 22, 2018. George was acquitted of theft of the firearm but found guilty of all remaining charges. The court entered judgment of conviction for carrying a handgun without a license, possession of marijuana, and unlawful possession of a firearm by a serious violent felon. The court sentenced George to 10 years for unlawful possession of a firearm by a serious violent felon, 1 year for carrying a handgun without a license, and 180 days for possession of marijuana. The court ordered the 180 days for possession of marijuana served consecutive to the 10-year sentence for possession of the firearm, and it ordered the year for carrying a handgun served concurrent with the 10-year sentence. The court ordered all time served executed.

_____

[4] Ind. Code § 35-43-4-2.

[5] Ind. Code § 35-47-2-1.

# Discussion and Decision

## 1. Double Jeopardy

[4]     George argues his convictions of carrying a handgun without a license and possession of a firearm by a serious violent felon violate the constitutional prohibition against double jeopardy because George's possession of the same handgun at the same time is used to support both offenses. The State agrees the entry of both convictions violates Indiana's double jeopardy principles.

[5]     The United States Supreme Court established the *Blockburger* test, also known as the "same elements test," for determining whether a single act that violates more than one law constitutes multiple offenses for purposes of the Fifth Amendment Double Jeopardy Clause. *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932). Our Indiana Supreme Court expanded upon the *Blockburger* test to include both the statutory elements of the conviction and the actual evidence used to convict. *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999).

> Two offenses are the "same offense" in violation of Indiana's double jeopardy clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. We review *de novo* whether the defendant's convictions violate this provision.

*Shultz v. State*, 115 N.E.3d 1280, 1283 (Ind. Ct. App. 2018) (internal citation omitted) (emphasis in original).

[6]     The facts herein are similar to those in *Jarrell v. State*, 818 N.E.2d 88 (Ind. Ct. App. 2004), *trans. denied*. Jarrell was arrested when he was found to be in possession of a loaded firearm during a routine traffic stop. He was subsequently convicted of both possession of a firearm by a serious violent felon and carrying a handgun without a license. *Id.* at 91. He appealed those convictions on double jeopardy grounds. We concluded that, because both offenses stemmed from carrying the same gun, the convictions violated the double jeopardy clause. *Id.* at 93.

[7]     Similarly, here, for the carrying of a single handgun, George was convicted of carrying a handgun without a license and possession of a firearm by a serious violent felon, and one of his convictions must be reversed. Accordingly, we vacate George's conviction of Class A misdemeanor carrying a handgun without a license. *See, e.g., Alexander v. State*, 768 N.E.2d 971, 978 (Ind. Ct. App. 2002) (vacating lower class crime to eliminate double jeopardy violation) *aff'd on reh'g, trans. denied*.

## 2.  Sentencing Discretion

[8]     George next asserts the trial court abused its discretion when it construed as an aggravator George's silence when the Probation Department prepared the presentence investigation report ("PSI"). A trial court commits an abuse of discretion if "the decision is clearly against the logic and effect of the facts and circumstances." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). There are four ways that a trial court can

abuse its discretion at sentencing: (1) failing to enter a sentencing statement altogether; (2) entering a sentencing statement explaining reasons for imposing the sentence when those reasons are not supported by the record; (3) failing to include reasons supported by the record and put forth for consideration when entering a sentencing statement; and (4) considering reasons inappropriate as a matter of law. *Id.* at 490-91. If the trial court abused its discretion in one or more of those ways and we are unable to "say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record," then we will remand for resentencing. *Id.* at 491.

[9] George argues the trial court abused its discretion when it found George's silence during preparation of the PSI to be an aggravating factor. The purpose of a PSI is to examine any possible aggravating and mitigating factors across a wide breadth of topics to inform the court as to proper sentencing. *Dillard v. State*, 827 N.E.2d 570, 576 (Ind. Ct. App. 2005), *trans. denied*.

[10] The court acknowledged George's Fifth Amendment right against self-incrimination but noted the majority of the questions on the PSI did not implicate that right. George initially refused to give any information to Probation for the PSI. However, he submitted a significant amount of the information sought for the PSI on the day before sentencing and at the sentencing hearing, including a lengthy personal statement that George provided to the judge. (*See* Tr. Vol. 3 at 31-40.) The court further noted that George's continued refusal to cooperate with Probation did "not speak well of

his character" and there was "no excuse" for his lack of cooperation. (*Id.* at 51.) Contrary to George's argument, his refusal to cooperate with Probation does not appear to have had anything to do with his Fifth Amendment right to remain silent, because he provided most of the information directly to the court at sentencing. As a poor attitude is a valid aggravator, we cannot find the trial court abused its discretion. *See Adams v. State*, 120 N.E.3d 1058, 1065 (Ind. Ct. App. 2019) (holding Adams' attitude was correctly considered an aggravating factor warranting an enhanced executed term).

[11] Even if the court should not have found an aggravator in George's failure to cooperate with Probation for preparation of the PSI, George has not demonstrated reversible error. Only if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom" can an abuse of discretion be found. *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). If the reviewing court "can identify sufficient aggravating circumstances to persuade it that the trial court would have entered the same sentence even absent the impermissible factor, it should affirm the trial court's decision." *Groves v. State*, 787 N.E.2d 401, 408 (Ind. Ct. App. 2003) (quoting *Day v. State*, 560 N.E.2d 641, 643 (Ind. 1990)), *trans. denied.*

[12] Here, the trial court considered five other aggravating factors. First, George's criminal history includes four convictions of armed robbery and battery resulting in bodily injury. Second, his violent crimes are repetitive in nature.

Third, his poor conduct at the Department of Correction while serving time for his previous convictions resulted in 35 conduct violations in the eight years he spent there. Fourth, he was on parole at the time of this offense. Fifth, prior rehabilitation efforts had been unsuccessful, as George continued committing crimes after serving time in prison. In light of those other aggravators, we have little doubt the court would have entered the same sentence even if it had not considered George's silence as an aggravating factor. *See, e.g.*, *Bacher v. State*, 722 N.E.2d 799, 803 (Ind. 2000) (finding a sentence may be upheld despite a single incorrect aggravating factor, if other aggravating factors are present).

# 3. Appellate Rule 7(B)

[13] Finally, George asserts his 10-year-and-180-day sentence is inappropriate. Indiana Appellate Rule 7(B) gives us the authority to revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Our review is deferential to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). The appellant bears the burden of demonstrating his sentence in inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[14] When considering the nature of the offense, our review of appropriateness starts with the advisory sentence. *Clara v. State*, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). George's conviction of possession of marijuana, a Class B misdemeanor, exposed him to a possible sentence of no more than 180 days. *See* Ind. Code 35-50-3-3. For Level 4 felony unlawful possession of a firearm by a serious violent felon, the trial court could sentence George to a fixed term of two to twelve years, with an advisory sentence of six years. *See* Ind. Code 35-50-2-5.5. The court sentenced George to 10 years and 180 days.

[15] George argues his possession of a firearm by serious violent felon offense is less egregious than the standard offense because the loaded gun was not used in the commission of a crime. George was out on parole for armed robbery and battery. Indiana law prohibits felons from possessing firearms. The elements of the crime do not require use of the firearm in commission of a crime, and thus we reject George's argument.

[16] George also notes he was being regularly drug tested as a requirement of his probation and suggests the small amount of marijuana found in his possession should entitle him to leniency. Passing drug test results seem diminished in light of being caught with marijuana while on parole. He also argues the small amount of marijuana makes the offense "less egregious" than the typical possession charge. *Johnson*, 986 N.E.2d at 857. Violating the conditions of parole is an aggravating circumstance that can affect sentencing. Ind. Code 35-38-1-7.1. This factor differentiates the charge, making it more egregious than

typical. Based on these factors, we conclude the nature of George's offenses does not render his sentence inappropriate.

[17] When considering the character of the offender, one relevant fact is the appellant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation the current offense. *Id.* George's criminal history includes five felony convictions: theft, armed robbery, battery, and criminal confinement resulting in serious bodily injury. During previous stints at the DOC, George's behavior was described as "terrible" and he accrued "one of the longest lists of DOC conduct violations." (Tr. Vol. 3 at 50.) In light of George's serious and violent criminal history, and his conduct violations while in prison, we cannot say his sentence is inappropriate in light of his character. *See*, *e.g.*, *Stokes v. State*, 947 N.E.2d 1033, 1039 (Ind. Ct. App. 2011) (violent felon with a significant criminal history did not meet burden of persuasion to find his sentence inappropriate in light of the nature of his offense and character), *trans. denied*.

# Conclusion

[18] Convicting George of both Level 4 felony unlawful possession of a firearm by a serious violent felon and Class A misdemeanor carrying a handgun without a license violates Indiana's double jeopardy prohibition. Therefore, we must vacate George's conviction of misdemeanor carrying a handgun without a license. The trial court did not abuse its discretion by interpreting George's lack

of cooperation in preparation of the PSI as an aggravating factor at sentencing. Further, George's sentence is not inappropriate in light of the nature of his offenses and his character. Accordingly, we affirm in part, vacate in part, and remand.

Affirmed in part; vacated in part; and remanded.

Najam, J. and Bailey, J., concur.